**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| JOHN CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:18-cv-00027 |
| | ) | |
| v. | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY, a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT and JURY DEMAND

The Plaintiff, JOHN CHAPMAN, by his attorney Robert B. Thompson of Harrington, Thompson, Acker & Harrington, Ltd. complaining of the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY (hereinafter "NSRC"), states:

### COUNT I
**(Federal Employers' Liability Act - Code of Federal Regulations)**

1.      Subject matter jurisdiction for the Plaintiff's cause of action against NSRC exists under the Federal Employers' Liability Act pursuant to 45 U.S.C. §51; 45 U.S.C. §56 and 28 U.S.C. §1331.

2.      Venue for this cause of action exists in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. §1391(b).

3.      The Defendant, NSRC, is a corporation doing business as a common carrier for hire, engaged in interstate commerce by rail in various states of the United States, including the State of Ohio.

4.      At all times alleged herein, the Plaintiff, JOHN CHAPMAN, was employed by the Defendant, NSRC, as an engineer and his duties were in furtherance of interstate commerce.

5.      The Plaintiff, JOHN CHAPMAN, and the Defendant, NSRC, are subject to the Act of Congress, commonly known as the Federal Employers' Liability Act, 45 U.S.C. §§51 et seq., with regard to all claims for personal injuries and other pecuniary damages.

6.      On or about December 29, 2016, at approximately 7:30 p.m., Plaintiff was injured while working for Defendant as a conductor at or near Portsmouth, Ohio.

7.      At the time and place aforesaid, Plaintiff was working on outbound train 234 enroute to West Virginia.

8.      At the time and place aforesaid, Plaintiff was performing his duties as a conductor on the lead locomotive engine of said train.

9.      At the time and place aforesaid, while performing his duties as a conductor on said locomotive engine, it became necessary for Plaintiff to use the rest room located in the forward nose of the locomotive engine, which required Plaintiff to descend the engine steps located in the engine cab.

10.      At the time and place aforesaid, the engine steps leading to the engine rest room were not properly illuminated because the step lights were not working.

11.      At the time and place aforesaid, as Plaintiff began to descend the engine steps, Plaintiff was caused to fall down and sustain injury because of the malfunctioning engine step lights.

12.      At the time and place aforesaid, Plaintiff was caused to be injured, in whole or in part, as a result of the aforesaid occurrence.

2

13.     At the time and place aforesaid, Plaintiff was acting within the course of and scope of his employment with Defendant and his duties were in furtherance of interstate commerce.

14.     At the time and place aforesaid, Defendant had a duty under the Federal Employers Liability Act, 45 U.S.C. §51 *et seq.*, to provide JOHN CHAPMAN with a reasonably safe place to work.

15.     At the time and place aforesaid, Defendant had a duty to comply with the safety regulations in the Code of Federal Regulations, 49 C.F.R., Subtitle B, Chapter II, *et. seq.* and the amendments thereto.

16.     At the time and place aforesaid, NSRC had a duty to comply with the safety regulations in the Code of Federal Regulations at 49 C.F.R. Part 229 - Railroad Locomotive Safety Standards.

17.     At the time and place aforesaid, NSRC violated the FELA by failing to comply with the safety regulations in the Code of Federal Regulations in one or more of the following respects:

a.     Used or allowed to be used on its line a locomotive that failed to comply with 49 C.F.R. Part 229, Locomotive Safety Standards;

b.     Used or allowed to be used a locomotive on its line that was not in proper condition and that was not safe to operate without unnecessary peril to life or limb, 49 C.F.R. §229.7;

c.     Used or allowed to be used a locomotive that had not been properly inspected as required by 49 C.F.R. §229.7;

d.     Used or allowed to be used a locomotive that failed to comply with the Code of Federal Regulations at 49 C.F.R. §229.127, "Cab Lights";

e.    Used or allowed to be used a locomotive that was not free of conditions that endangered the safety of the crew in violation of 49 C.F.R. §229.45;

f.    Used or allowed to be used a locomotive that failed to comply with the Code of Federal Regulations at 49 C.F.R. §229.119, Cabs, floors and passageways;

g.    Used or allowed to be used a locomotive that failed to comply with the Code of Federal Regulations at 49 C.F.R. §229.9, Movement of non-complying locomotives;

h.    Used or allowed to be used a locomotive that did not comply with the safety regulations in the Code of Federal Regulations at 49 C.F.R., Subtitle B, Chapter II, *et. seq.* and the amendments thereto.

18.    At the time and place aforesaid, Plaintiff sustained injuries of a personal and pecuniary nature and sustained other recoverable damages supported by the evidence and permitted by law, all resulting, in whole or in part, from one or more violations of the Code of Federal Regulations, as alleged herein.

19.    One or more violations of the Code of Federal Regulations, as alleged herein, contributed, in whole or in part, to the injuries and other damages sustained by Plaintiff.

20.    The regulations in the Code of Federal Regulations at 49 C.F.R., Subtitle B, Chapter II, *et. seq.* and 49 C.F.R. Part 229, are safety regulations within the meaning of 45 U.S.C. §53 and 45 U.S.C. §54a.

21.    The violation of a safety regulation in the Code of Federal Regulations by a railroad employer engaged in interstate commerce is *negligence per se* under the FELA.

WHEREFORE, Plaintiff, JOHN CHAPMAN, prays for judgment against Defendant, NSRC, in a dollar amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury shall deem proper as compensatory

4

damages under the FELA, plus the costs of this lawsuit and other recoverable damages permitted by law.

## COUNT II
### (Federal Employers' Liability Act - Locomotive Inspection Act)

1-16.   The Plaintiff, JOHN CHAPMAN, adopts and re-alleges paragraphs one (1) through sixteen (16) of Count I as though fully set forth herein.

17.     At the time and place aforesaid, the Defendant had a non-delegable duty under the FELA to provide Plaintiff with a reasonably safe place to work, including a duty to comply with the Locomotive Inspection Act, 49 U.S.C. §20701, *et seq*., which provided, in pertinent part:

> A railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the entire locomotive or tender and its parts and appurtenances --
>
> (1)   are in proper condition and safe to operate without unnecessary danger of personal injury;
>
> (2)   have been inspected as required under this chapter [49 U.S.C. §§ 20701 *et seq*.] and regulations prescribed by the Secretary of Transportation under this chapter [49 U.S.C. §§ 20701 *et seq*.]; and
>
> (3)   can withstand every test prescribed by the Secretary under this chapter [49 U.S.C. §§ 20701 *et seq*.]

18.     At the time and place aforesaid, the Defendant violated the Federal Locomotive Inspection Act in one or more of the following respects:

a.   Used or allowed to be used a locomotive on its railroad line that failed to comply with 49 U.S.C. §20701;

b.   Used or allowed to be used a locomotive on its railroad line that was not in proper condition and that was not safe to operate, as required by 49 U.S.C. §20701;

5

c.      Used or allowed to be used a locomotive on its railroad line that had not been properly inspected, as required by 49 U.S.C. §20701;

d.      Used or allowed to be used a locomotive on its railroad line that was unable to withstand every test prescribed under 49 U.S.C. §20701 *et seq.*

19.    At the time and place aforesaid, the Plaintiff, JOHN CHAPMAN, sustained injuries of a personal and pecuniary nature, and sustained other recoverable damages supported by the evidence and permitted by law, all resulting, in whole or in part, from one or more of the violations of the Locomotive Inspection Act by the Defendant, as alleged herein.

20.    The Locomotive Inspection Act, at 49 U.S.C. §20701, *et seq.*, is a federal safety statute within the meaning of 45 U.S.C. §53 and 45 U.S.C. §54a.

21.    A violation of the Locomotive Inspection Act by a railroad employer engaged in interstate commerce is *negligence per se* under the FELA.

22.    One or more violations of the Locomotive Inspection Act, as alleged herein, contributed, in whole or in part, to the injuries and other damages sustained by Plaintiff.

WHEREFORE, the Plaintiff, JOHN CHAPMAN, prays for judgment against the Defendant, NSRC, in a dollar amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury shall deem proper as compensatory damages under the FELA plus the costs of this lawsuit and other recoverable damages permitted by law.

**COUNT III**
**(Federal Employers' Liability Act – Negligence)**

1-16.   The Plaintiff, JOHN CHAPMAN, adopts and re-alleges paragraphs one (1) through sixteen (16) of Count I as though fully set forth herein.

17.     At the time and place aforesaid, the Defendant, by its duly authorized agents and employees, had a non-delegable duty under the FELA to provide JOHN CHAPMAN with a reasonably safe place to work.

18.     At the time and place aforesaid, the NSRC was negligent and violated the FELA in one or more of the following respects:

a.      In failing to provide a reasonably safe place to work;

b.      In failing to use reasonably safe methods in its locomotive maintenance operations;

c.      In providing a locomotive that had not been properly maintained;

d.      In providing a locomotive that had not been properly inspected;

e.      In allowing a locomotive to be used on its line that was not in proper condition and that was not safe to operate without unnecessary danger of personal injury;

f.      In failing to warn that the locomotive had not been properly maintained and serviced;

g.      In failing to warn about the unsafe condition of the locomotive;

h.      In using on its line a locomotive that failed to comply with 49 C.F.R. Part 229 - Locomotive Safety Standards;

i.      In using on its line a locomotive that failed to comply with 49 C.F.R. §229.7;

j.      In using on its line a locomotive that failed to comply with 49 C.F.R. §229.127;

k.      In using on its line a locomotive that failed to comply with 49 C.F.R. §229.45;

7

l.      In using on its line a locomotive that failed to comply with 49 C.F.R.
§229.119;

m.      In using on its line a locomotive that failed to comply with 49 C.F.R.
§229.9;

n.      In using on its line a locomotive that failed to comply with the Code
of Federal Regulations, 49 C.F.R., Part 229, Locomotive Safety
Standards;

o.      In using on its line a locomotive that failed to comply with the
Locomotive Inspection Act, 49 U.S.C. §20701, et seq.

19.     At the time and place aforesaid, JOHN CHAPMAN sustained injuries of a

personal and pecuniary nature, and sustained other recoverable damages supported by

the evidence and permitted by law, all resulting, in whole or in part, from one or more

violations of the FELA by the Defendant NSRC, as alleged herein.

WHEREFORE, the Plaintiff, JOHN CHAPMAN, prays for judgment against the

Defendant, NSRC, in a dollar amount sufficient to satisfy the jurisdictional limitations of

this court, plus whatever additional amount the court and the jury shall deem proper as

compensatory damages under the FELA, plus the costs of this lawsuit and other

recoverable damages permitted by law.

Respectfully submitted,


By:     /s/ Robert B. Thompson                            
        Robert B. Thompson (0078633)
        Laurence C. Acker
        Harrington, Thompson, Acker & Harrington, Ltd.
        One North LaSalle Street, Suite 3150
        Chicago, Illinois 60602
        Telephone:   (312) 332-8811
        htah@harringtonlaw.com

        *Attorneys for Plaintiff*

8

## JURY DEMAND

The Plaintiff, JOHN CHAPMAN, by his attorney Robert B. Thompson of Harrington,

Thompson, Acker & Harrington, Ltd., hereby demands trial by jury.

Respectfully submitted,


By:     /s/ Robert B. Thompson
        Robert B. Thompson (0078633)
        Laurence C. Acker
        Harrington, Thompson, Acker & Harrington, Ltd.
        One North LaSalle Street, Suite 3150
        Chicago, Illinois 60602
        Telephone:   (312) 332-8811
        htah@harringtonlaw.com

        *Attorneys for Plaintiff*